21-3268 Andrew Rice et al. v. The Village of Johnstown Ohio Oral Argument 15 minutes per side Mr. Zeiger for the appellants. Thank you it may have pleased the court your honor opposing counsel. The district court granted Johnstown's summary judgment motion finding that appellants lacked standing because the property issue is contiguous to Johnstown but has not been annexed into Johnstown. Well annexation here is little more than a red herring. The constitutional violation the final standard list decision by an unelected PNZ commission occurred prior to the denial of annexation petition. So after the fact decisions on annexation are not relevant here. Mr. Zeiger I mean this is really a question for both of you but out of curiosity is an annexation petition a one and done situation? So let's say hypothetically actually let's just put this case to the side. Hypothetically you start at ground zero you put the constitutional arguments to the side you bring a new PUD rezoning application and like manna from heaven you get it. At that point does the local law allow you to try again on annexation? It does your honor and in fact we've submitted two annexation petitions already. So you're allowed to submit as many as you would like it's not res judicata. And also your honor the annexation we know is not a precondition to the consideration of the PUD application because we know what Johnstown did here. Can I ask another question? Of course your honor. You know Judge Morrison seemed to be thinking about a little bit I mean it is a little unusual to have a case where you're challenging something that happened your client's challenging something that happened in a different jurisdiction. Now I get the point that of course an annexation motion that's the whole point it's going to come from someone outside that jurisdiction but are there limits on that? I mean for example could if I had property in Indiana and I petitioned Johnstown both for annexing the property from Indiana and then rezoning it for this development would someone just look at the regulations and say well that's laugh out loud silly you can only annex if it's proximate adjacent and it can't be if it's in another state or separated by other counties or are there any limits at all on that? I do believe that there are limits and here the limits would not apply given the fact that this is a contiguous property. Is that the limit? Is the limit a contiguous point but it also is the way that Johnstown has elected to structure their regulations because here they allow you to not have to submit for the annexation first before you put in your rezoning application. Here what they did was they took our $26,000 filing fee they accepted the rezoning prior to addressing the annexation petition all together. So we know from their own actions that nothing precluded Johnstown from approving the preliminary plan without annexation already done and actually we expected and still expect annexation to be forthcoming and so far as your point judge about the fact that it's not one and done. Number two the fact that Johnstown represented as you'll see in Mr. Wilcox's affidavit that the annexation was a mere formality and number three the Ohio Supreme Court's case law that states that you give the property owners the freedom of choice and annexation decisions. So here can I back you up for one minute where will I find a statement that annexation was a mere formality whose affidavit says that? That's Mr. Jonathan Wilcox's affidavit and 30-2. That's the developer that you are working with and so in his experience he thinks that once you got the commission's approval and the village's approval on your PUD annexation would follow. That's a witness on your side not their side. There's a witness on my side but he's recounting conversations that he had with Johnstown throughout the 18 months that they were trying to develop this. Is Johnstown the ultimate authority on the annexation? Does anybody else have any part to play in this? Your honor that's a great question. The county does and in fact it starts with Johnstown. Johnstown issues services resolutions saying that they can provide the capacity necessary then it goes to the county. Johnstown didn't object to either of those steps but then it came back to Johnstown for the final decision. So what we know is that the case law and the representations made by Johnstown related to annexation show that annexation should still occur but all of those annexation issues were on a post-constitutional violation timeline and therefore in our view is not an issue on the appeal. Are there any other representations or denial of representations made by Johnstown? Johnstown has already always taken the position that the ultimate rezoning would be contingent upon being annexed in but they have not made any representations to my knowledge about the preliminary plan approval which was what was denied and was the constitutional violation here. That leads me to my next question which has really been bothering me about this whole thing which is exactly what is the legally protected interest that you claim has been injured here? Your honor, Judge Graham has a decision in the Powell case that follows the Roberge case and the Eubank case which says that an unlawful delegation of legislative authority to an unconstitutional standard is a violation of due process. So wouldn't any zoning commission in most cities and villages and townships, the zoning commissions aren't elected so are you saying then that all zoning commissions that in any of the deliberations and decisions that they come down with are subject to constitutional objection because they're not elected? No your honor, what we're saying is that a legislative body like the council should be able to delegate some of those powers to a PNZ commission but they have to do it with discernible standards here. Standards in how they delegate the power, standards in how they appoint the commission, standards in how they delegate the power or standards in how the you can't have vague standards like they did here which talk about the general welfare. You got to do things in the general welfare of the community. It has to reflect the legislative will which is what Judge Graham found in the Powell decision when he said you don't have to have a procedural or substantive due process claim. You can have this delegation of authority claim but it has to related to the fact that there aren't discernible standards that are given to unelected people and that's what happened here. The unelected folks made the final decision which denied the ability to get to the legislative body that's supposed to be making these decisions. Correct me if I'm wrong but I thought that in the Roberge and the Eubanks cases you had a situation where the zoning authority, the people who were making the decision actually were private individuals who had their own interests. Is that not the case? That is the case your honor. In those cases it had to do with having some legislative authority provided to private individuals. Here that's exactly what happened is that it goes to the private individuals that are appointed on the PNZ. What kind of zoning commissions don't comprise private individuals who get appointed to do this work? Usually that is what happens but usually they have discernible standards that they need to apply and here they didn't which has caused injury to our client by having to go through this process only to get to the end where they find out they get denied with no ability to get to the person that should be the ultimate decision maker. You're indicating that whether those zoning officials, appointed officials, have actual private interests of their own is not important here. Your honor, I don't think that it is important related to the discernible standards to apply when they are applying what the legislative body has delegated and here they undisputedly did not do that and that created hundreds of thousands of dollars of damages and that action alone was traceable to the conduct of the PNZ commission and ultimately winds up with damages that my client has sustained which frankly can be redressed on both compensatory damages, nominal damages as the U.S. Supreme Court has recently found in 2021, as well as putting us back into the process because Johnstown admitted we checked all the boxes on the application for getting the approval of the preliminary plan as well as the final plan only under the old regime had to have had to actually comply with the preliminary plan. So we have every expectation that putting us back into the system will get us to where we need to be in terms of getting this approved by the legislative body. Okay so Mr. Sauer your time's up but let me make sure my colleagues don't have any other questions at this point. Okay so you'll get your full rebuttal thank you very much. Mr. Schauer you Good afternoon your honors and may it please the court my name is Yaz Ashrawi I'm here on behalf of the appellee the village of Johnstown, Ohio. The appellants in this case lack standing to raise their due process claims and alternatively with their due process claims would fail on the merits. So council can I start you out you know one thing that I do appreciate about your position is that this is an unusual constitutional theory there are not a lot of these cases it's hard to find one exactly like this one but it often happens in standing cases that people have this instinct to merge the standing inquiry with the merits inquiry and so if we just try to throw the merits one to the side and that's that's what the point of this hypothetical is. So take assume everything in my hypothetical is exactly the same it's it's the exact system it's the same counties everything's the same there's only one difference the problem isn't that the commission isn't doesn't have discernible standards to implement the problem is that the commission has decided to grant applications for people of one faith but not from people of other faiths so everything else is the same and so they they just have a faith-based rule so they didn't appeal the annexation ruling they only appealed the rezoning ruling so everything else is the same. Wouldn't we say there's standing to get to the merits in that case? There may be standing under an equal protection argument your honor but not on due process. Well how is that how is that? As this court has held the injury. Let me just start let me just start one of your arguments and one of Judge Morrison's points was they didn't appeal the annexation. I just correct that's true in my hypothetical in my hypothetical the annexation is not appealed why do they get their equal protection claim why is there standing for their equal protection claim then but not in your case? Because under the equal protection clause you have the right to be free from unequal treatment under the law and so if you have a comparator you have another entity that's being treated differently based on things that are protected in the due process. In their case you have a right you have a right if their claim we're assuming good merits right you have to and you're doing the standing inquiry unless it's just a bozo bockers claim you have to assume there's merit so their claim is that there aren't discernible standards. I don't understand why one constitutional claim has standing injury in fact redressability you name it and the other doesn't that just doesn't make sense to me. Well let me answer it a different way than your honor if we're assuming in both the hypothetical and the case here that neither in neither situation there wasn't the annexation was not challenged I think in both instances there wouldn't be standing because there'd be a redressability issue and your opinion in the midwest. Okay so let's let's stick with that you bring your application they say no you don't get it because you're the wrong faith we only allow these rezoning applications for people of a different faith you challenge that and you don't challenge the annexation ruling as I understand it the annexation rules aren't one and done you're allowed to bring a later one if suddenly the rezoning's approved so why wouldn't that be redressable? Because the the rezoning and let me back up I agree with my my colleague on the other side that the annex the denial of the annexation is a red herring it's not the fact that the annexation was denied it's the fact that the property has never been in the village to begin with so at the time. How do you bring an annexation motion if you're not outside the village that's the whole point. Well right and or taking on the process to rezone and develop the property because without being in the the village you you do not have the rights to those zoning codes or that process. In fact there was a testimony at the hearing from the village manager that is cited in our reply in motion for summary judgment document 32 that states there's been a lot of questions about annexations in this process. Council still is the final decision maker on whether this entire project goes through. We're not going to approve the zoning for a property in Monroe Township that's not going to happen. This only becomes real if the annexation goes through in the future. That annexation did not go through and that's a that is an alternate bar on this development and at the end of the day the injury that. Judge Larson has a question. So maybe I misunderstand but is it your position that annexation has to come first that the annexation is a precondition to the zoning approval? It is your honor because the the village does not have any decision would have been contingent would have been hypothetical and subject to the annexation. There would have been a decision made it would have had no effect however unless and until the annexation for example an approval would have had no effect unless and until an annexation was thereafter approved. Sure but they could have approved it so let me see if I commission could have approved the zoning and then the village council could have approved the zoning and then the annexation could have taken place and then the whole thing would have effect. So you correct you're on you can go step one zoning step two annexation but what happened so you're not saying annexation must come first this other process step one could have come first. That's correct your honor in an ideal world annexation would come first but in this instance the developer wanted to pursue simultaneous applications the problem with that. Has that been done before simultaneous application? Not in the village of Johnstown no not in this process. In fact and part of the problem with that is your honor the annexation laws and the annexation timelines are a bit convoluted and are dictated by the Ohio revised code. For example as as Mr. Zeiger stated the you know the application first goes to the village to pass one particular piece of legislation and then gets sent sent back to the county the county spends 60 with it it then gets sent back to the village then the village has to sit and wait for at least 60 days before it does anything with it and then between day 60 and day 120 it must act and if it doesn't it's rejected. So this is really helpful but I just want to make sure I'm not misunderstanding something that I thought was in the record and I thought it was in the record that the claimants were told you can apply at the same time is that is that just wrong or is debate a fact about that? I don't I don't know whether they were told that it's certainly true that they could but it's also equally true that the zoning and the development. Can I stop you there I'm just I'm not grasping your you seem to be making a sequencing argument which is resonating like that seems like a really powerful point but then I hear that there isn't a sequencing so if there's no sequencing rule why can't they challenge one part of the application process I guess I'm struggling with that. Yeah your honor I apologize if it sounded like I was making a sequencing argument what I was suggesting is that regardless of the sequence none of the zoning or development processes and approvals become effective unless there's an annexation whether annexation is first or whether it's last. But how often is it the case I think you would tell me you never get an annexation when zoning is denied and I would guess that annexations often but not always happen when zoning is approved. I think that's right your honor. Okay okay okay so let's just stop there back to my faith-based denial if and if you need both we got that it's not very useful to have something rezoned when you it's not within the jurisdiction you want you have a faith-based denial of the zoning application which precludes you from getting the annexation you're not it doesn't allow you to take the second shot how is that not an injury in fact I just don't get it I don't understand how that could be your honor in in the present case the injury in fact that has been alleged is the denial of the planned unit development the denial of the rezoning and the approval on unconstitutional grounds right the problem is with redressability and your your honor your decision in the midwest properties case is right on point with this there there was a challenge to a sign code stating that the sign code what violated the constitution and for that reason nine sign application permits were denied and in that opinion you wrote that that doesn't matter because there was another barrier that is another provision that stopped the applicant from eventually receiving that sign permit why I'm sure that opinion was right let me just say that number one very good but number two let me just say it gives me zero pause if you have an absolute barrier at step two you're totally right there is a redressability problem I'm not hearing an absolute barrier at step two I'm hearing quite the opposite that if you get the zoning approved the odds are quite high you'll get the annexation but at all events I'll just call annexation discretionary all right let's just I don't even mind if it's a flipping of the coin what doesn't seem right to me is you are denying someone in my hypothetical access to that coin flip to get what they want based on a constitutional violation that's astonishing to me that that is not an injury in fact that is redressable it's true when you flip the coin you might not get what you want right there's discretion at that is they have injury in fact to get to the second step if the second step is annexation into the village yes that's I want to be very clear that is not the case because in fact this this applicant specifically requested annexation after their zoning was denied and was still rejected because it is not the case that they get to dictate whether they annex into the village or it is you agree you agreed they can bring another annexation motion if the zoning is approved i.e. if they stop denying it on unconstitutional grounds that's correct but at the time that this alleged injury occurred they were not in the village whether the annexation was pending or not and since then this ordinance has been amended and so any future annexation in any future uh application for a rezoning or development would go through a different process but at the end of the day this are the the the denial of the the rezoning and the development is not an absolute barrier to their development they can go develop in the township they have been no rights have been changed there's been no protected interest they do not have a protected interest in process and this court has said that it is the object of that process that is but that goes to the merits to whether they have a property interest a property interest protected by the constitution as opposed to whether they have an injury in fact right so i might not have a property interest in applying for a government job but if i applied for the government job and i was told you can't work here because we don't hire women i would have a claim right i would be i have an injury in fact even if i didn't have a property interest correct well let me you're correct your honor let me uh i may have misspoke and i want to go to another one of uh judge sutton's very well written decisions in the brinkley case it is not the fact that you need to have a protected property interest as part of the standing inquiry but the injury in fact must be quote an invasion of a legally protected interest in brinkley there was a blind individual that could not access certain credit union benefits because of lack of because of eight alleged ada violations uh in that opinion judge sutton held that because that individual could not is not eligible to benefit from those credit union benefits irrespective of the potential or alleged ada violations there's no injury in fact because how how how are the claimants not eligible to bring a zoning and annexation application i don't understand where it is that they're not eligible any more than someone of the wrong faiths i don't i don't see it it's it's your honor the if you go back to the brinkley case it's the benefits that they're that that the plaintiff was seeking in that case the benefit the plaintiffs are seeking in this case is the approval of an of a rezoning and an approval of a development the annexation wasn't challenged the approval of an of the development and rezoning is not under the village's authority it can't be it is under the township's authority they do not receive the benefits of the village's zoning because under ohio law the village only has authority over the property in its jurisdiction without having the legal benefits from the village's zoning the village's zoning code does not apply to this property it never has right the zoning the zoning code doesn't apply but the process to apply for new zoning to apply for this pud does apply like they went through the process and they were entitled to apply and go through the process they were not conditional upon ultimate annexation whether the the ultimate rezoning would be conditioned on annexation i agree with most of that your honor but i would say they were not entitled to apply for it they chose to the village allowed them to because they wanted to bring these issues simultaneously but they certainly were not entitled to it and so council i i just want to make sure i'm grasping your point um so let's say what happened here was slightly different we're just going to go back to my hypothetical to simplify it based on faith-based denials it's two applications they do them simultaneously you say that's not a problem and in my hypothetical they deny both on faith-based grounds they do the annexation and the rezoning application they look at them together and they say well we just don't do this for people of this faith group both denied now you would say that flips your argument because would say at that point now you do have injury because both have been denied is that right i think it would depend on what the stated injury is and if it's redressable if the injury is the denial of equal protection under the law yeah that is no it's it's denial of application for zoning everything's the same they want to rezone everything's the same they want to move into johnstown they want to do this pud everything's the same it's just a different constitutional theory it just happens to be a stronger one and which is why i'm using it but i ask judge sutton can i ask a question about your question so that i make sure i'm following all this are you in your hypo are you saying that they weren't even permitted to apply or that they didn't get what they wanted through the application process because of the faith-based problem they applied they were pre-admitted to apply and in both instances they said no to annexation no to rezoning because you're the wrong faith group and your honor i would i would go back and say i think counsel you're going to agree that that has standing i hope so uh your honor i would if the if the injury in that case was the denial of their their their discretionary zoning it cannot be redressed by this court because they would not be entitled to that rezoning in a different community if not a property cannot be but i'm not sure they're asking this court and we'll ask i'll ask this on rebuttal but i'm not sure they're saying that we as a court should grant them their zoning they're asking for an declaratory relief injunctive relief and they're asking for damages including nominal damages they're not asking us please rezone them well their injury that they've stated multiple times in their brief your honor is the denial of their planned unit development zoning and their development they've said that yeah you said what you just this is the ship's crossing or night they want to judge fairly that's all that's all that's going on they want to judge fairly so put the two hypotheticals together they want to judge not on faith-based grounds and they want to judge not without discernible standards that's that's all that's going on that's their claim they're not entitled to anything um and i would say even in a world in which you had a one percent chance of what you're getting you want you got injury in fact if they're not judging it fairly if they're just saying nope wrong faith we don't do it we're not even going to give you the one roll of the dice um you find me a case that says the opposite and i'll be impressed particularly if it doesn't come in the jim crow era uh your honor i would i would conclude with this um this court has stated that a a fair process in and of itself is not an injury it is the object of that process that must must be the injury that's redressable the object of this claimed unfair process is the approval of the planned unit development rezoning and development and if that couldn't be approved for other reasons just like the sign permits couldn't be approved in the midwest case for other reasons the unfairness and the unconstitutionality of the provisions and the and the process that are being challenged are of no consequence and can and the injury the the object of the process which is the approval cannot be redressed fairness in a in the process is not an injury in and of itself and this court has said that in the right vo day case that's quite all right thank you so much mr sire get your rebuttal thank you your honor let's start with the last thing first which is whether or not we're asking for the granting of rezoning and the answer is no um we are asking the court to reverse judge morrison's decision where she found that that we lacked standing and we we ask that hopefully on the merits she's going to find that we're entitled to damages plus the ability to go back through the process and as you said have a fair process um let me ask this question is there anything um forbidding you from going through both parts of the process right now um your honor there's a couple of things uh one is a 26 000 filing fee that my client paid to go through the process in the first instance and then also when they filed it in the first instance there were different standards that applied to the approval of final development plans under 11 79 06 so so you're saying you're saying there's been a substantive change not just this procedural change in the ordinance but there's been a substantive change in the standards by which it's judged you got it you got it so 11 79 06 was different before they did the amendment and now has put in some bells and whistles related to the approval of the final development plan at council i can't remember what you said about this in your brief are are you in agreement that the declaratory equitable relief is now moot given the change in the commission or do you think that's live um the declaratory relief um injunctive relief you've got declaratory injunctive and money damages are backward looking so that that's a standing inquiry not a mootness inquiry but the commission works and so forth are you agreeing that that part of your claim is moot or what's your theory as to why it's not and if i understand your question judge the the moving forward relief of of declaratory relief related to the constitutionality of what now exists versus what did exist at uh when we filed the lawsuit well maybe maybe this is the mistake in my question i was assuming the constitutional claim this delegation to private entities without discernible standards that that had been cured going forward and the way you hesitated makes me now think you think that is still it's still susceptible to your constitutional argument no your honor i think that they have cured that piece of it insofar as they have now made it a pure recommendation going from the pnz commission so that part of any injunctive relief forward looking injunction is moot is okay i just want to make sure we're on the same page all right thank you um and getting back to judge larson's uh question a few minutes ago to council um you had mentioned about the code actually applying to us even though we weren't in johnstown and they did they permitted us to apply i'd have some uh disagreement with my colleague related to uh the the sequencing and why this was done in such a way i think there's testimony related to the fact that johnstown wanted us to come in under a pud versus having to come in as you normally would under an annexation they took our money and they they went through the process and gave us the benefits of the process held us to the obligations of the process and then pulled the rug up under our feet when we got to that last constitutional uh deficient step so the council's already admitted they could have approved the plan regardless of the annexation um they clearly if they thought us being outside of the jurisdiction had any bar they wouldn't have accepted the rezoning application in the first instance and frankly the only bar to us as we're talking about uh judge sutton's sign case is only if johnstown throws another bar barrier itself in our way so so there are no other barriers pre-existing that we have to deal with other than just moving through the box or the process and checking the boxes on what we're supposed to be doing and i don't see the relevance of the ada case given the fact that that was somebody that's out prospecting uh ada case is not somebody who's generally applying to that's a contiguous property owner to get into the actual jurisdiction so for all these reasons we would ask that the court reverse the decision and remand it back to the court thank you all right thank you thank you mr ashrari and thank you mr zeiger for your helpful briefs and above all arguments and really thank you for answering our questions which we're always grateful for it's a interesting case i haven't seen anything quite like this before i must admit uh so thank you uh for all your excellent work on this and the case will be submitted